56 F.3d 13
 34 U.S.P.Q.2d 1856
 DORF & STANTON COMMUNICATIONS, INC. and Hill, Holliday,
Connors, Cosmopulous, Inc.,
Third-Party-Respondents-Appellants,
and
John Labatt Limited, Labatt Brewing Company Limited,
Labatt's USA Inc., and Labatt Importers, Inc., Plaintiffs,
v.
MOLSON BREWERIES, Molson Breweries U.S.A. Inc., Miller
Brewing Co., Martlett Importing Co., and Molson
Breweries of Canada Ltd., Defendants-Appellees.
 No. 2032, Docket 95-7176.
 United States Court of Appeals,
Second Circuit.
 Argued April 4, 1995.
Decided May 30, 1995.
 
 Lawrence I. Fox, Julie Day Marion, McDermott, Will & Emery, New York City, Byron L. Gregory, Roger W. Wenthe, McDermott, Will & Emery, Chicago, IL, submitted a brief for third-party-respondents-appellants.
 Ethan Horwitz, Darby & Darby, New York City, submitted a brief for defendants-appellees.
 Before: NEWMAN, Chief Judge, WINTER and MAHONEY, Circuit Judges.
 JON O. NEWMAN, Chief Judge:
 
 
 1
 This motion to dismiss an appeal from a discovery ruling presents an esoteric issue arising within the dual-track appellate regime existing with respect to the Court of Appeals for the Federal Circuit and the regional courts of appeals. The precise issue is which appellate court has jurisdiction over an appeal from a privilege ruling entered in a district court discovery proceeding that is in aid of two separately filed actions in another district, one of which arises under the patent laws. We conclude that jurisdiction is in the Court of Appeals for the Federal Circuit, and we therefore transfer the appeal pursuant to 28 U.S.C. Sec. 1631 (1988).
 
 Facts
 
 2
 John Labatt Ltd. and affiliated companies ("Labatt") filed two lawsuits against Molson Breweries and affiliated companies ("Molson") in the Eastern District of Michigan. One suit, 93 CV 75004 DT ("the trademark action"), alleges trademark infringement, and the other suit, 94 CV 71540 DT ("the patent action"), alleges patent infringement. Molson alleges that these suits have been consolidated for discovery purposes, but that characterization may somewhat overstate the matter. Inquiry of the Eastern District of Michigan discloses that no order of consolidation, for discovery or otherwise, has been entered. We are advised, however, that the Eastern District trial judge informed the parties in a telephone conference that discovery in the two cases should proceed together. In September 1994, counsel for defendants caused a subpoena duces tecum to be issued by the District Court for the Southern District of New York, directing Dorf & Stanton Communications, Inc. ("Dorf"), appellant in this Court, to appear for a deposition and produce designated documents.[1] Dorf is a Manhattan public relations firm, retained by Labatt. The subpoena bears the two case numbers of both Michigan actions.
 
 
 3
 Dorf partially complied with the subpoena but withheld some of the requested documents on grounds of privilege, work-product, and relevance. On Molson's motion to compel, the District Court (Robert P. Patterson, Jr., Judge) granted the motion and, after denying reconsideration, directed that judgment enter under Fed.R.Civ.P. 54(b). Dorf appealed, and Molson has moved to dismiss the appeal on the ground that exclusive jurisdiction over an appeal from a decision in a patent case lies with the Court of Appeals for the Federal Circuit.
 
 Discussion
 
 4
 The Court of Appeals for the Federal Circuit has exclusive jurisdiction over "an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title , except that a case involving a claim arising under any Act of Congress relating to ... trademarks and no other claims under section 1338(a) shall be governed by sections 1291, 1292, and 1294 of this title ." 28 U.S.C. Sec. 1295(a)(1) (1988). In cases where the Federal Circuit has appellate jurisdiction, that jurisdiction extends to appeals from appealable orders in ancillary discovery proceedings. See Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1320 (Fed.Cir.1990); Solarex Corp. v. Arco Solar, Inc., 870 F.2d 642, 643 (Fed.Cir.1989); Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1021 (Fed.Cir.1986).
 
 
 5
 The ruling challenged in the pending appeal was entered in a proceeding brought in the Southern District of New York ancillary to two actions in the Eastern District of Michigan, one of which (the patent action) is based on section 1338 and is not within the exception for trademark suits. The New York proceeding carries one Southern District case number (N.Y.Misc. No. M885) and both Michigan case numbers. Our issue is whether the jurisdiction of the Southern District of New York is "based, in whole or in part, on section 1338" and is not "a case involving ... trademarks and no other claims under section 1338(a)" within the meaning of section 1295(a)(1).
 
 
 6
 At first glance, it would seem clear that the jurisdiction of the ancillary proceeding in the Southern District is based in part on the patent laws, thereby routing appellate jurisdiction to the Federal Circuit. Only one "case" is pending in that Court, and the Court's jurisdiction over that case is based in part on the patent laws since it is being asked to enforce a subpoena in a patent case.
 
 
 7
 Some doubt is engendered, however, by pronouncements of the Federal Circuit itself. In Interpart Corp. v. Italia, 777 F.2d 678 (Fed.Cir.1985), the Federal Circuit considered its jurisdiction over an appeal from a judgment entered in a proceeding in which separate patent and trademark actions had been consolidated. The Court concluded it had jurisdiction over the entire appeal, but the ruling was not based, as might have been anticipated, simply on the fact that the consolidated action involved a patent suit; instead, the Federal Circuit noted that "[t]he appeal from the consolidated action involves at least a portion of the patent claim, i.e., the award of attorney fees under 35 U.S.C. Sec. 285, which is part of the patent statute." Id. at 681. The implication seems to be that the nature of the issues affects the Federal Circuit's appellate jurisdiction.
 
 
 8
 That implication, however, is rendered doubtful by the language used the following year in Bandag, Inc. v. Al Bolser's Tire Stores, 750 F.2d 903 (Fed.Cir.1984). In Bandag a complaint alleged both patent and trademark infringement. From a judgment upholding the trademark claim but rejecting the patent claim, the defendant took an initial appeal to challenge the trademark ruling, and the plaintiff took a subsequent appeal to challenge the patent ruling. The Federal Circuit ruled that it had jurisdiction over both appeals. Again, however, it did not rely on the fact that the district court's jurisdiction had rested in part on the patent laws. Instead, the Court noted that the patent and trademark claims could have been resolved in separate trials, but in fact were resolved in one trial. Though the Court explicitly noted that "issue analysis" is not determinative, id. at 908, it relied on "an analysis of the jurisdictional basis of the appealed claims as each was correctly pled, accepted, and tried," id. (emphasis added). The Court added, somewhat cryptically, "The term 'case' in this context refers collectively to the proceedings that transpired at the district court level when viewed pragmatically at the time of the appeal." Id. And, somewhat more cryptically, the Court reserved the issue of whether it would have jurisdiction "in a case in which no appeal is brought of the patent issues." Id.
 
 
 9
 We have noted that where a consolidated complaint is filed, we must "consider the jurisdictional basis of each complaint separately," Cole v. Schenley Industries, Inc., 563 F.2d 35, 38 (2d Cir.1977), since consolidation "is a procedural device" that "does not change the rights of the parties in the separate suits," id. And the Federal Circuit has noted that, conversely, a separation for separate trial of claims previously joined in one complaint does not defeat the Federal Circuit's jurisdiction over a complaint resting in part on the patent laws. Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1430 (Fed.Cir.1984). However, for purposes of its appellate jurisdiction, the Federal Circuit appears to attach greater significance to consolidation than our decision in Cole would suggest. In In re Innotron Diagnostics, 800 F.2d 1077, 1080 (Fed.Cir.1986), the Federal Circuit exercised appellate jurisdiction over an entire consolidated case, where jurisdiction was based in part on the patent laws.
 
 
 10
 In the pending case, it might be possible to view the Southern District proceeding as two ancillary matters, joined together for administrative convenience, but nonetheless resting on the separate jurisdictional bases that underlie each of the separate Michigan actions. That approach, however, seems inconsistent with the Federal Circuit's approach in Innotron and Interpart. The Southern District proceeding is one consolidated case, part of which is ancillary to a claim under the patent laws, and, perhaps more significantly, the challenged ruling is a single rejection of discovery defenses that appear to apply equally to the patent action and the trademark action. Under these circumstances, we agree with Molson that jurisdiction lies with the Federal Circuit. Of course, if that Court should conclude that we have overread its jurisdiction, at least to the extent that the Southern District ruling affects the trademark action, we would gladly resume our appellate jurisdiction. We do not agree with Molson, however, that the remedy is dismissal of the appeal; the appropriate remedy is a transfer. See 28 U.S.C. Sec. 1631 (1988).
 
 
 11
 Accordingly, the appeal is transferred to the Court of Appeals for the Federal Circuit.
 
 
 
 [1]
 The motion papers in this Court also identify Hill, Holliday, Connors, Cosmopulous, Inc, as a third-party respondent-appellant, though it has not filed a notice of appeal