PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

McCOOK METALS LLC,
          *Plaintiff-Appellant,*

v.

ALCOA, INCORPORATED,
          *Defendant-Appellee,*

and

REYNOLDS METALS COMPANY,
          *Party in Interest-Appellee.*

No. 00-1333

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(MISC-99-7-3)

Argued: April 3, 2001

Decided: May 10, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Motion to transfer granted by published opinion. Judge Niemeyer wrote the opinion, in which Judge Michael and Judge Motz joined.

---

## COUNSEL

**ARGUED:** Jodi Rosen Wine, JENKENS & GILCHRIST, P.C., Chicago, Illinois, for Appellant. Warren Eugene Zirkle, MCGUIRE-WOODS, L.L.P., McLean, Virginia, for Appellees. **ON BRIEF:**

Edward F. McCormack, JENKENS & GILCHRIST, P.C., Chicago, Illinois; William R. Mauck, Jr., WILLIAMS, MULLEN, CLARK & DOBBINS, Richmond, Virginia, for Appellant. Brian C. Riopelle, Kristen M. Calleja, MCGUIREWOODS, L.L.P., Richmond, Virginia, for Appellees.

---

## OPINION

NIEMEYER, Circuit Judge:

This appeal is taken from an order in an ancillary discovery proceeding commenced to enforce a subpoena that issued from the Eastern District of Virginia in connection with an underlying action filed in the Northern District of Illinois. Because jurisdiction in the underlying action is based in part on 28 U.S.C. § 1338, which confers jurisdiction upon district courts in patent matters, we conclude that any review of this ancillary discovery ruling must be sought from the United States Court of Appeals for the Federal Circuit under 28 U.S.C. §§ 1292(c) and 1295(a). Rather than dismissing this appeal, however, we invoke 28 U.S.C. § 1631 to transfer it to the Federal Circuit, despite any uncertainty that might exist as to the appealability of this type of discovery order, based on the fact that the Federal Circuit will ultimately have jurisdiction to review the merits of the underlying action.

I

McCook Metals L.L.C. ("McCook") commenced an action against Alcoa, Inc., a competitor of McCook in the manufacture and sale of commercial aircraft wing components, in the Northern District of Illinois. In that action, McCook alleged that Alcoa interfered with McCook's customer contracts and prospective business advantage in violation of state law, that Alcoa monopolized the relevant product market in violation of the Sherman Act, and that two of Alcoa's patents for making high strength aluminum alloy — nos. 4,828,631 and 4,954,188 — were neither valid nor enforceable. McCook invoked the district court's subject matter jurisdiction based on the patent and antitrust claims.

In connection with this underlying litigation, McCook served a third-party subpoena, issuing from the Eastern District of Virginia, on Reynolds Metals Company to appear, testify, and produce documents at a deposition scheduled in Richmond, Virginia. When Reynolds Metals refused to answer particular questions and produce particular documents, giving as its reasons the work product doctrine and attorney-client privilege, McCook filed a motion in the Eastern District of Virginia to enforce its subpoena. The district court upheld Reynolds Metals' position and denied McCook's motion, and McCook took this appeal from the district court's order. Shortly before oral argument before us, Reynolds Metals filed a motion to transfer this case to the Court of Appeals for the Federal Circuit on jurisdictional grounds.

## II

In its motion to transfer, which was made under 28 U.S.C. § 1631, Reynolds Metals asserted that, because the validity of two Alcoa patents is at issue in the underlying action and subject matter jurisdiction in that action is premised in part on 28 U.S.C. § 1338, the Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals of decisions in ancillary discovery proceedings. Reynolds Metals represented in its motion that "McCook agrees with this analysis," a position McCook confirmed at oral argument. McCook nonetheless requested that we proceed to decide the discovery issues on the merits because they have been briefed and argued before us. We agree with Reynolds Metals, however, that this court "must be sure of its own jurisdiction before getting to the merits." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998)).

We begin our analysis by noting that, while most appeals must be filed in the court of appeals for the circuit in which the district court is located, *see* 28 U.S.C. § 1294, only the Federal Circuit can hear an appeal when the district court's jurisdiction was based "in whole or in part" on 28 U.S.C. § 1338, which confers original jurisdiction over patent-related claims on district courts, *id.* § 1295(a)(1). Similarly, interlocutory orders in cases in which jurisdiction is based on § 1338 are reviewed exclusively by the Federal Circuit. *See id.* § 1292(c). Congress created this dual-appellate structure in 1981 to promote "na-

tionwide uniformity in patent law." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989) (quoting H.R. Rep. No. 97-312, at 20 (1981) (internal quotation marks omitted)). As a consequence, the regional courts of appeals have no jurisdiction over appeals in cases in which the district court's jurisdiction was based in whole or in part on 28 U.S.C. § 1338.

Because the parties in this case agree that the jurisdiction of the District Court for the Northern District of Illinois was predicated in part upon 28 U.S.C. § 1338, as McCook's complaint sought a declaratory judgment of its rights vis-a-vis Alcoa under the federal patent law, 35 U.S.C. § 1 *et seq.*, any appeal from the final judgment in the Northern District of Illinois must go to the Federal Circuit. Because subject matter jurisdiction in the underlying action is based in part on 28 U.S.C. § 1338, so too must the jurisdiction supporting the ancillary proceeding commenced in the Eastern District of Virginia be based in part on § 1338. Although it is true that the ancillary court's first-layer authority derives from Federal Rules of Civil Procedure 37(a)(1) and 45, which assign to it the responsibility of issuing and enforcing subpoenas in its district, Rules 37 and 45 do not confer subject matter jurisdiction upon the courts. Rather, an ancillary court's power to issue and enforce subpoenas is entirely dependent upon the jurisdiction of the court in which the underlying action is pending. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[T]he subpoena power of a court cannot be more extensive than its jurisdiction. . . . [I]f a district court does not have subject-matter jurisdiction over the underlying action . . . then the process is void"); *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950) ("The judicial subpoena power . . . is subject to those limitations inherent in the body that issues them"); *see also Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1213 (D.C. Cir. 1996) ("[T]he district court is . . . without power to issue a subpoena when the underlying action is not even asserted to be within federal-court jurisdiction"). Thus, because the ancillary discovery proceeding is, by its very terms, an extension of the underlying proceeding and the subject matter jurisdiction of the ancillary proceeding is derived from the jurisdiction of the underlying case, any appeal from an order of the ancillary court in a patent case must proceed to the Federal Circuit by reason of 28 U.S.C. §§ 1292(c) and 1295(a). We therefore conclude that we have no jurisdiction to

review the order entered by the Eastern District of Virginia. *See Dorf & Stanton Communications, Inc. v. Molson Breweries*, 56 F.3d 13, 14-15 (2d Cir. 1995); *see also Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977 (Fed. Cir. 1993) (noting that the Federal Circuit applies the law of the regional circuit from which a discovery order is appealed).

### III

Our determination that we do not have appellate jurisdiction, however, does not lead inexorably to the conclusion that we must dismiss this appeal. Section 1631 of Title 28 authorizes us to transfer it to the Federal Circuit if (1) to do so would be "in the interest of justice" and (2) the appeal "could have been brought" in the Federal Circuit when it was initially filed in our court.

The first prong of this test is readily met. McCook's erroneous filing of an appeal in the wrong circuit is "just the type of good faith mistake that Congress intended 28 U.S.C. § 1631 to remedy." *Kopp v. Dir., Office of Worker's Comp. Programs*, 877 F.2d 307, 309 (4th Cir. 1989). Moreover, were we to dismiss this appeal now, McCook might be denied the opportunity to urge review of this ancillary discovery order because the 30-day time limit for taking an appeal may have run. *See* 28 U.S.C. § 2107; Fed. R. App. P. 4(a). For these reasons, a transfer to the Federal Circuit would be "in the interest of justice."

It is less obvious, however, that McCook's appeal "could have been brought" in the Federal Circuit at the time when it was filed or noticed in our court. 28 U.S.C. § 1631. Appellate review is as a general matter limited by 28 U.S.C. § 1291 to final orders — those that "end[ ] the litigation on the merits and leave nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). A discovery order, in contrast, is inherently interlocutory. Given the sheer number of discovery orders that are issued in any given case, appellate courts are justifiably reluctant to review them. "Allowing immediate appeal of the orders resolving discovery disputes would only disrupt and delay district court proceedings and clog the courts of appeals with matters more properly managed by trial courts famil-

iar with the parties and their controversy." *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994).

Nevertheless, federal courts have long recognized that some collateral orders warrant "review even where they do not conclude the litigation in question." *MDK, Inc.*, 27 F.3d at 120 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). While we have not yet been presented with the question, courts in several other circuits have held that this "collateral order" doctrine renders certain ancillary discovery orders appealable if the district court supervising the ancillary proceeding is located in a different circuit from the court supervising the underlying proceeding. In holding that these orders are sufficiently final to merit review, these courts have noted that such orders (1) conclusively determine the issues before the district court, (2) resolve issues independent of the issues in the underlying litigation, and (3) are unreviewable by the court of appeals having jurisdiction to review the judgment of the district court in the underlying litigation. *See CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983); *Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 597 (3d Cir. 1980); *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 554 (2d Cir. 1967).

Because unreviewability by the court of appeals having appellate jurisdiction over the final judgment in the underlying case is critical to the determination that an ancillary discovery order is "final," most circuit courts have held that an ancillary discovery order is not "final" when it is entered by a district court within the *same* circuit as the court in which the underlying litigation is pending. *See Periodical Publishers Serv. Bureau, Inc. v. Keys*, 981 F.2d 215, 217-18 (5th Cir. 1993); *Hooker v. Cont'l Life Ins. Co.*, 965 F.2d 903, 905 (10th Cir. 1992); *Barrick Group, Inc. v. Mosse*, 849 F.2d 70, 73 (2d Cir. 1988); *In re Subpoena Served on the Cal. Pub. Utils. Comm'n*, 813 F.2d 1473, 1476-80 (9th Cir. 1987). Because the same court of appeals can, in such a case, review both the ancillary discovery disputes and the final judgment on the merits, the discovery order does not become reviewable in these circuits until the court of appeals reviews the final judgment. In such cases, the several district court proceedings in the aggregate are considered analogous to the ordinary case in which the same district court conducts discovery and considers the merits. In

either situation, discovery orders are not "final" because they may be reviewed simultaneously with the final judgment.

The case before us presents a peculiar twist because for patent matters, Congress created one national court of appeals to review all the district courts — the Court of Appeals for the Federal Circuit — and thus one district court's ancillary discovery ruling in a patent case is appealed to the same circuit as is another district court's ruling on the merits in the same case, even when the district courts are located in different regional circuits. Because in patent cases the Federal Circuit reviews both the final judgment on the merits and rulings on discovery, under the majority rule — that discovery orders reviewable in the same court of appeals that reviews the final judgment are not "final" — we could not transfer the case to the Federal Circuit because the appeal of the discovery order could not have been brought there at this time. *See* 28 U.S.C. § 1631.

But the Federal Circuit has not always followed the majority rule in this context and has entertained on more than one occasion interlocutory appeals from ancillary orders denying discovery in patent cases. *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1320 (Fed. Cir. 1990); *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1020-22 (Fed. Cir. 1986). Accordingly, under these Federal Circuit precedents McCook might have been able to obtain immediate review of the district court's denial of its motion to compel had it filed its appeal with the Federal Circuit. Even though the wisdom of allowing such interlocutory appeals may be questionable, we will not determine the scope of the Federal Circuit's jurisdiction for it. Rather, as a matter of comity, we grant the motion to transfer this proceeding to the Federal Circuit to permit that court to make its own determination on the issue.

Accordingly, for the reasons given, Reynolds Metals' motion to transfer this case to the Federal Circuit is granted.

*IT IS SO ORDERED*