**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FLORA NICHOLAS; PAUL GAYTER, in
their own right and as next friend
of S.G.,

*Plaintiffs-Appellees,*

and

BRAINWAVE, INCORPORATED,

*Party in Interest-
Appellee,*

v.

WYNDHAM INTERNATIONAL,
INCORPORATED; WYNDHAM
MANAGEMENT CORPORATION; SUGAR
BAY CLUB AND RESORT CORPORATION;
RICK BLYTHE,

*Defendants-Appellants,*

and

BRYAN HORNBY,

*Defendant.*

No. 03-2054

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(MISC-03-20)

Argued: May 6, 2004

Decided: July 2, 2004

Before MOTZ and SHEDD, Circuit Judges, and
Pasco M. BOWMAN, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Motz and Senior Judge Bowman joined.

---

**COUNSEL**

**ARGUED:** Douglas Conrad Beach, DUDLEY, CLARK & CHAN, St. Thomas, Virgin Islands, for Appellants. Enu Mainigi, WILLIAMS & CONNOLLY, Washington, D.C., for Appellees. **ON BRIEF:** Robert M. Doherty, Andrew J. Durkovic, BAKER & HOSTETLER, L.L.P., Washington, D.C., for Appellants. Joseph G. Petrosinelli, Erin E. Brophy, WILLIAMS & CONNOLLY, Washington, D.C., for Appellees.

---

**OPINION**

SHEDD, Circuit Judge:

This is an appeal from an order denying discovery from a nonparty in an ancillary discovery proceeding. The underlying lawsuit is currently pending in the United States District Court for the District of the Virgin Islands. The defendants in that action, Wyndham International, Inc. and related parties (collectively, "Wyndham"), sought discovery from Brainwave, Inc., a corporation closely held by Flora Nicholas and Paul Gayter, two of the plaintiffs in the underlying lawsuit (collectively, "Plaintiffs"). Because Brainwave is located in Virginia, Wyndham proceeded under Fed. R. Civ. P. 45 to have a subpoena issue from the United States District Court for the Eastern District of Virginia. This subpoena sought to compel Brainwave to sit for a Rule 30(b)(6) deposition and produce certain documents. Two magistrate judges and the district judge below granted Brainwave a protective order, concluding that Wyndham's discovery requests were cumulative and duplicative since Plaintiffs had already been deposed and continued to produce documents.

Wyndham contends on appeal that it is entitled to the discovery it sought and that no grounds exist to support a protective order. Brainwave challenges our jurisdiction to entertain this appeal at all, arguing

that the district court's order is nothing more than a routine interlocutory discovery order. We hold that we have jurisdiction over this appeal and that the district court did not abuse its discretion in granting a protective order to Brainwave.

I.

Plaintiffs sued Wyndham in the United States District Court for the District of the Virgin Islands, seeking damages for the alleged molestation of their minor daughter by a Wyndham employee during their stay at the Wyndham Sugar Bay Resort in St. Thomas. Plaintiffs asserted claims for (1) failure to protect the safety of guests, (2) improper hiring and retention, (3) improper supervision, (4) misrepresentation, (5) constructive fraud, (6) deceptive trade practices, (7) infliction of emotional distress, and (8) *respondeat superior*. The complaint demands damages for Plaintiffs and their daughter.

Plaintiffs are the owners of Brainwave, a small marketing and advertising company located in Falls Church, Virginia. Nicholas is Brainwave's chief executive officer; Gayter is president of the company and owns 100% of its stock. Wyndham deposed both Plaintiffs but was not satisfied with their testimony, especially as it related to Brainwave.

In April 2003, Wyndham caused a subpoena to be issued to Brainwave. The subpoena issued from the Eastern District of Virginia, and it called for Brainwave to appear for a Rule 30(b)(6) deposition and to produce certain documents. Specifically, the subpoena called for Brainwave to produce all computers, documents and/or tangible evidence relating to the topics described in the deposition notice, including (1) e-mail communications concerning the incident at issue in the lawsuit and Plaintiffs' alleged damages and (2) Plaintiffs' employment and immigration records. The vast majority of the documents requested in the subpoena relate to Plaintiffs' employment and immigration status. Brainwave made no response to the subpoena and did not appear for the deposition. Wyndham then filed this action in the Eastern District of Virginia, seeking to compel Brainwave's deposition and production of documents. Brainwave moved for a protective order.

At the hearing on Brainwave's motion, Magistrate Judge Barry R. Poretz stated that he had discussed the status of the underlying lawsuit with Magistrate Judge Jeffrey L. Resnick, who was overseeing discovery in the Virgin Islands. Magistrate Judge Resnick assured Magistrate Judge Poretz that he had not ruled on the scope of allowable discovery as it pertained to the discovery sought by Wyndham here, but he noted that he believed the employment and immigration matters had very little probative value with respect to the issues in the underlying lawsuit. Magistrate Judge Poretz then granted Brainwave's motion for protective order, concluding that the discovery sought by Wyndham was "not relevant to a claim [or] defense and the probative value is far outweighed by any prejudice . . . by it being onerous, by being cumulative, and also it being possibly embarrassing." Magistrate Judge Poretz further noted that his decision incorporated the reasons set forth in Brainwave's brief in support of the protective order, namely, that the discovery sought by Wyndham was cumulative and duplicative, overly broad, unnecessarily burdensome, and harassing.

Four days after Magistrate Judge Poretz entered his order, the Virgin Islands district court entered an order compelling Plaintiffs to produce to another defendant records of e-mails deleted from a personal computer. This order specifically noted that the Virgin Islands district court could not compel production of a computer owned by Brainwave since the court lacked authority to serve process outside the District of the Virgin Islands. Interpreting this order to require discovery of records contained on this Brainwave computer, Wyndham moved to reconsider Magistrate Judge Poretz's initial order. Magistrate Judge Thomas R. Jones, Jr. denied reconsideration, concluding that Magistrate Judge Poretz's order — which addressed Wyndham's "grossly overbroad" deposition discovery — was not inconsistent with the Virgin Islands district court's order — which addressed only another defendant's request for physical inspection of Plaintiffs' personal computers.

Wyndham timely filed objections to the orders entered by Magistrate Judges Poretz and Jones. After hearing argument from the parties, the district court overruled Wyndham's objections and affirmed both magistrate judges' orders. This appeal followed.

## II.

Brainwave contends that we lack jurisdiction to entertain Wyndham's appeal because the district court's order is an interlocutory order not appealable under 28 U.S.C. § 1291 (providing for appeals from "final decisions of the district courts"). Ordinarily, our jurisdiction is limited to appeals from final orders that "end[ ] the litigation on the merits and leave nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Under the collateral order doctrine, however, we may entertain an appeal from an otherwise interlocutory order if that order (1) conclusively determines the issue before the lower court, (2) resolves an important question independent of the subject matter of the litigation, and (3) is effectively unreviewable on appeal from a final judgment in the case. *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 546 (1949); *Under Seal v. Under Seal*, 326 F.3d 479, 481-84 (4th Cir. 2003).

Discovery orders are "inherently interlocutory" and typically not appealable. *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 335 (4th Cir. 2001). In the ordinary course, the same court that enters a discovery order will enter a final judgment in the case; on appeal from that final judgment, the party aggrieved by a discovery order may challenge that order along with any other orders entered in the case. In that situation, there is no need for immediate appellate review. Ancillary discovery proceedings are different. In an ancillary proceeding, a party to the underlying lawsuit goes to another court (the ancillary court) to compel discovery from a nonparty. If the nonparty resists, then the ancillary court adjudicates the discovery dispute and the parties go on about their litigation in the original court.

We have held that the collateral order doctrine does not authorize appeal from an order *granting* discovery from a nonparty in an ancillary proceeding. *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 120-22 (4th Cir. 1994). *See also* 15B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3914.24, at 174 (1992) (stating that "[t]he general rule persists that appeal cannot be taken from an order granting discovery in an ancillary proceeding"). We have not yet addressed the question whether appeal should be permitted from an ancillary order *denying* discovery from a nonparty

where the underlying lawsuit is pending in another circuit. *See McCook*, 249 F.3d at 335; *MDK*, 27 F.3d at 121.

We adopt the uniform position of the courts of appeals and hold that an order denying discovery from a nonparty in an ancillary proceeding where the underlying lawsuit is pending in another circuit is immediately appealable as a collateral order. *See Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922, 925 (8th Cir. 1999); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir. 1998); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1320 (Fed. Cir. 1990); *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 34 (2d Cir. 1987); *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 n.5 (D.C. Cir. 1984); *CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983); *In re Rubin*, 679 F.2d 29, 30 (5th Cir. 1982) (*per curiam*); *National Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 597 (3d Cir. 1980); *In re Westinghouse Elec. Corp.*, 570 F.2d 899, 901 (10th Cir. 1978). Such an order conclusively resolves the only issues before the district court — discovery issues affecting a nonparty — independent of the merits of the underlying lawsuit. *See Cusumano*, 162 F.3d at 712; *National Life Ins.*, 615 F.2d at 597. Moreover, the party aggrieved by an order denying discovery from a nonparty outside the circuit in which the underlying lawsuit is pending would have no means of obtaining appellate review of that order absent immediate appeal. *See Miscellaneous Docket #1*, 197 F.3d at 925; *Micro Motion*, 894 F.2d at 1320; *Rubin*, 679 F.2d at 30.

Discovery orders ordinarily may be challenged through contempt proceedings in the district court. "Courts have long recognized that a party sufficiently exercised over a discovery order may resist that order, be cited for contempt, and then challenge the propriety of the discovery order in the course of appealing the contempt citation." *MDK*, 27 F.3d at 121. This option is not available to a party aggrieved by an order *denying* discovery. By its nature, an order denying discovery cannot be disobeyed by the party seeking discovery. The only alternative, then, is to await final judgment in the underlying action and seek review of the discovery order on appeal from that judgment. This alternative is not available in cases such as this one, where the ancillary proceeding occurs outside the circuit in which the underly-

ing lawsuit is pending.[1] Any appeal from the final judgment in this case will be decided by the Third Circuit, which has no authority to upset a discovery order entered by a district court in this circuit. We conclude that we have jurisdiction under the collateral order doctrine to review the district court's order denying Wyndham the discovery it seeks from Brainwave.

## III.

We review the entry of a protective order under Rule 26(c) for abuse of discretion. *M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1993) (*en banc*). An abuse of discretion may be found where "denial of discovery has caused substantial prejudice." *Id.* Because Wyndham has not been substantially prejudiced by the denial of the additional discovery it seeks, we find no abuse of discretion here.

Wyndham argues that it should have been permitted to take a Rule 30(b)(6) deposition of Brainwave so that it could discover informa-

---

[1]We need not decide whether we would have jurisdiction to entertain an appeal from an order denying discovery in an ancillary proceeding conducted by another district court *within* this circuit. *Compare Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1020-22 (Fed. Cir. 1986) (permitting appeal from an order denying discovery entered by a West Virginia federal court in a patent action pending in a California federal court even though appeals from both courts lay to the Federal Circuit); *Ariel v. Jones*, 693 F.2d 1058, 1059 (11th Cir. 1982) (permitting appeal from an order denying discovery entered in the Middle District of Florida where the main action was pending in the Southern District of Florida), *with Hooker v. Continental Life Ins. Co.*, 965 F.2d 903, 905 (10th Cir. 1992) (dismissing appeal from an ancillary discovery order entered by the Northern District of Oklahoma where the main action was pending in the Eastern District of Oklahoma); *Barrick Group, Inc.*, 849 F.2d 70, 73-74 (2d Cir. 1988) (dismissing appeal from an order denying discovery entered by the District of Connecticut where the main action was pending in the Southern District of New York); *In re Subpoena Served on Cal. Pub. Utils. Comm'n*, 813 F.2d 1473, 1476-80 (9th Cir. 1987) (dismissing appeal from an ancillary discovery order entered by the Northern District of California where the main action was pending in the Central District of California).

tion relating to (1) e-mails sent or received by Nicholas and Gayter concerning the incident giving rise to this lawsuit and their alleged damages and (2) information concerning Nicholas's and Gayter's employment records and their communications with the Immigration and Naturalization Service.

Even assuming that this information is relevant (in the broadest sense), the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under Rule 26(c), a district court may limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Further, upon motion of a party and "for good cause shown," the court in the district in which a deposition is to be taken may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that the discovery not be had. Fed. R. Civ. P. 26(c).

We cannot say that the district court abused its discretion in denying Wyndham the discovery it sought from Brainwave. Wyndham had already deposed both Plaintiffs,[2] and Wyndham's counsel conceded to the district court that Brainwave could have no more information about the facts of liability and damages than Plaintiffs themselves had. (Indeed, Wyndham was aware that either of the Plaintiffs would have been designated as Brainwave's corporate representative at any deposition.) Moreover, Plaintiffs had already produced some 400 pages of e-mails (including e-mails from their Brainwave accounts),

---

[2]The district court noted in its July 2003 ruling that the amount of discovery that had already been completed in this lawsuit was "excessive." This conclusion echoed the Virgin Islands district court's assessment that "an excessive amount of discovery ha[d] already been conducted" before March 2003.

and they remain under a continuing obligation to supplement their earlier productions. With respect to the credibility-related discovery — seeking information with the most tenuous connection to the underlying lawsuit[3] — Wyndham had explored employment and immigration matters in prior depositions with several different witnesses and obtained documents concerning such matters from those witnesses. Given the extraordinary circumstances presented here, the district court was well within its discretion to conclude that the additional discovery sought by Wyndham was cumulative and duplicative, unduly burdensome, and harassing.

## IV.

For the foregoing reasons, we conclude that (1) we have jurisdiction to entertain an appeal from the denial of discovery in an ancillary proceeding where the underlying litigation is pending outside this circuit and (2) the district court did not abuse its discretion in denying Wyndham's request for discovery from Brainwave. The ruling of the district court is therefore

*AFFIRMED.*

---

[3]The Virgin Islands district court noted that discovery requests aimed at Plaintiffs' immigration status were at "the outer limits of conceivable relevance."