NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**LMK ENTERPRISES, INC.** AND
**LMK PIPE RENEWAL, LLC,**
*Plaintiffs-Appellees,*

v.

**PERMA-LINER INDUSTRIES, INC.,**
*Defendant-Appellant.*

---

2011-1042

---

Appeal from the United States District Court for the Middle District of Florida in case no. 08-CV-0811, Judge Elizabeth A. Kovachevich.

---

## ON MOTION

---

Before RADER, *Chief Judge*, LOURIE and O'MALLEY, *Circuit Judges.*

RADER, *Chief Judge.*

## ORDER

LMK Enterprises, Inc. and LMK Pipe Renewal, LLC move to dismiss Perma-Liner Industries, Inc.'s appeal for lack of jurisdiction. Perma-Liner opposes. LMK replies.

This matter arises out of a suit brought by LMK against Perma-Liner, alleging that Perma-Liner's Inner-Seal system infringed LMK's patent. On July 7, 2008, the United States District Court for the Middle District of Florida entered a Consent Judgment and Injunction. The court's order enjoined Perma-Liner from using its Perma-Liner InnerSeal system or any colorable variation that infringed LMK's patent without a license. The court expressly retained jurisdiction over the matter to enforce the injunction. The parties agreed to a license.

The license terminated in January 2009. By that time, Perma-Liner had made some modifications to its system. LMK moved the district court for a contempt order, which the court granted. In its contempt order, the court retained jurisdiction "for entry of an order awarding monetary sanctions, including the award of attorney's fees and costs." In a second order, the court ordered an immediate cessation of any sales of the original or modified products and further directed the parties to confer and make arrangements to complete an accounting of Perma-Liner's sales.

With the matters of an accounting, sanctions, and attorney's fees still pending before the trial court, we agree that this appeal was brought prematurely. As a general rule, an adjudication of civil contempt, such as here, is not appealable until sanctions have been imposed. *See Donovan v. Mazzola*, 761 F.2d 1411, 1416-17 (9th Cir. 1985) ("[A]n adjudication of civil contempt is not appealable until sanctions have been imposed."); *see also Am. Saint Gobain Corp. v. Armstrong Glass Co.*, 418 F.2d 571 (6th Cir. 1969).

Although Perma-Liner is correct that certain circumstances warrant immediate appeal, we are not persuaded that such circumstances exist on these facts for two reasons. First, we are not moved by the argument that the trial court modified the injunction rather than merely interpreting and enforcing the injunction already in place. *See Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1344-45 (Fed. Cir. 2007) (explaining that a contempt order interpreting or enforcing an injunction is not generally appealable until final judgment). Second, although an appeal from a post-judgment contempt order is immediately appealable pursuant to 28 U.S.C. § 1292(c)(2) when all that remains is an accounting of damages, *H.A. Jones Co., Inc. v. KSM Fastening Sys.*, 745 F.2d 630 (Fed. Cir. 1984), here sanctions also remain pending. We have considered Perma-Liner's other arguments but remain convinced that we must dismiss the appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

FOR THE COURT

MAY 2 0 2011                    /s/ Jan Horbaly
Date                           Jan Horbaly
                               Clerk

cc: Jeffrey D. Harty, Esq.
    Richard J. Mockler, III, Esq.

s19

ISSUED AS MANDATE: MAY 2 0 2011

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 2 0 2011

JAN HORBALY
CLERK