# United States Court of Appeals
## for the Federal Circuit

─────────────

**XITRONIX CORPORATION,**
*Plaintiff-Appellant*

**v.**

**KLA-TENCOR CORPORATION, DBA KLA-TENCOR, INC., A DELAWARE CORPORATION,**
*Defendant-Appellee*

─────────────

2016-2746

─────────────

Appeal from the United States District Court for the Western District of Texas in No. 1:14-cv-01113-SS, Judge Sam Sparks.

─────────────

MICHAEL S. TRUESDALE, Law Office of Michael S. Truesdale, PLLC, Austin, TX, argued for plaintiff-appellant.

AARON GABRIEL FOUNTAIN, DLA Piper US LLP, Austin, TX, argued for defendant-appellee. Also represented by BRIAN K. ERICKSON, JOHN GUARAGNA.

─────────────

Before MOORE, MAYER, and HUGHES, *Circuit Judges.*

MOORE, *Circuit Judge.*

# **O R D E R**

The only asserted claim in the underlying case is a *Walker Process* monopolization claim based on alleged fraud on the United States Patent and Trademark Office ("PTO"). Both parties assert that the Federal Circuit has appellate jurisdiction over this case. We disagree. We therefore transfer the case to the United States Court of Appeals for the Fifth Circuit, which has appellate jurisdiction over cases from the District Court for the Western District of Texas.

## BACKGROUND

This appeal arises from a single cause of action filed in the United States District Court for the Western District of Texas: a *Walker Process* monopolization claim under § 2 of the Sherman Act and §§ 4 and 6 of the Clayton Act based on the alleged fraudulent prosecution of a patent.[1] J.A. 29, 63. Xitronix stated the Federal Circuit had jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(1) and *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1067–68 (Fed. Cir. 1998), and KLA-Tencor ("KLA") did not dispute this assertion.

Before oral argument, we asked the parties to show cause why we should not transfer this case to the United States Court of Appeals for the Fifth Circuit for lack of jurisdiction. The parties filed supplemental briefs, asserting that the Federal Circuit has appellate jurisdiction over this case. The briefs did not address the impact of the Supreme Court's decision in *Gunn v. Minton*, 568 U.S.

---

[1] In *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, the Supreme Court held that enforcement of a patent procured by fraud on the PTO may be a federal antitrust violation under the Sherman Act, provided all other elements necessary to such a claim are present. 382 U.S. 172, 176–77 (1965).

251 (2013). At oral argument, we ordered another round of supplemental briefing to address jurisdiction and, in particular, *Gunn v. Minton*.

## DISCUSSION

This court has jurisdiction over the appeal of a final decision of a district court "in any civil action arising under . . . any Act of Congress relating to patents or plant variety protection." 28 U.S.C. § 1295(a)(1). Interpreting nearly identical language in a previous version of our jurisdictional statute, the Supreme Court stated our jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that *patent law is a necessary element* of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988) (emphasis added); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 834 (2002) (By using "arising under" in our jurisdictional statute, "Congress referred to a well-established body of law that requires courts to consider whether a patent-law claim appears on the face of the plaintiff's well-pleaded complaint."), *superseded in part by statute*, Leahy-Smith America Invents Act § 19(b), Pub. L. No. 112-29, 125 Stat. 284 (2011) (amending 28 U.S.C. § 1295(a)(1) to add compulsory patent counterclaims).

In holding that our jurisdiction extends to cases in which patent law is a necessary element of one of the well-pleaded claims, the Supreme Court explained that the well-pleaded complaint rule "focuses on claims, not theories, . . . and just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire monopolization claim 'arises under' patent law." *Christianson*, 486 U.S. at 811. In that case, the Court held that the Federal Circuit did

not have jurisdiction over the asserted monopolization claim because it was based on several alleged theories, and only in one of those theories was "the patent-law issue [] even arguably essential." *Id.*

More recently, in *Gunn*, the Supreme Court held that a state law claim alleging legal malpractice in the handling of a patent case does not "aris[e] under" federal patent law for purposes of exclusive federal jurisdiction under 28 U.S.C. § 1338(a). 568 U.S. at 258. Like the language of our jurisdictional statute, § 1338(a) states that federal district courts "shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a); *compare* § 1338(a), *with* § 1295(a) ("[T]he Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final decision of a district court . . . in any civil action arising under . . . any Act of Congress relating to patents or plant variety protection."). The state malpractice claim necessarily required application of patent law, creating a patent law "case within a case," and the patent issue was actually disputed by the parties. *Gunn*, 568 U.S. at 259. However, the Supreme Court held that "the federal issue in this case is not substantial" when analyzed with respect to the federal system as a whole. *Id.* at 260. The resolution of the patent "case within a case" would have no effect on "the real-world result of the prior federal patent litigation," and allowing the state court to resolve the underlying patent issue would not undermine the uniform body of patent law because "federal courts are of course not bound by state court case-within-a-case patent rulings." *Id.* at 261–62. Even if a novel question of patent law arose in such a situation, it would still "at some point be decided by a federal court in the context of an actual patent case, with review in the Federal Circuit," and even if the state court's adjudication was "preclusive under some circumstances, the result would be limited to the parties and

patents that had been before the state court." *Id.* at 262–63. The Supreme Court explained, "the possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in a misunderstanding of patent law." *Id.* at 263.

The complaint in this case alleges that KLA "engaged in exclusionary conduct by fraudulently prosecuting to issuance the [']260 patent" and its conduct "was and is specifically intended to monopolize and destroy competition in the market." J.A. 63. It alleges KLA intentionally made false representations to the PTO on which the examiner relied during prosecution. On the face of the complaint, no allegation establishes "that federal patent law creates the cause of action." *Christianson*, 486 U.S. at 809. The only question is whether the monopolization allegation "necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* Applying the well-pleaded complaint rule, in light of the Supreme Court's guidance and rationale in *Gunn*, we hold that it does not.

There is nothing unique to patent law about allegations of false statements. Indeed, in responding to the court's order to show cause, the parties both cited portions of the complaint that focus on fraud and misrepresentation, not patent law. *See, e.g.*, Xitronix Supp. Br. (Sept. 26, 2017) at 4–5 ("KLA-Tencor affirmatively (and repeatedly) misrepresented the patentability of the claims it sought, including making false representations about what was taught by the relevant prior art."); KLA Supp. Br. (Sept. 26, 2017) at 8–9 ("KLA's prosecution and procurement of the [']260 patent was undertaken in bad faith in order to monopolize the . . . market."). We acknowledge that a determination of the alleged misrepresentations to the PTO will almost certainly require some application of patent law. For instance, the complaint alleges that

KLA's attorney "failed to map" a one-to-one relationship between claim 1 of the '260 patent and another patent claim that had previously been held invalid. J.A. 42–43. An evaluation of that allegation may require analysis of the claims and specifications and may require application of patent claim construction principles. But consistency with the federal question jurisdiction statute requires more than mere resolution of a patent issue in a "case within a case." *See Gunn*, 568 U.S. at 257, 262–64; *Christianson*, 486 U.S. at 808–09. Something more is required to raise a substantial issue of patent law sufficient to invoke our jurisdiction under 28 U.S.C. § 1295(a)(1). *See Gunn*, 568 U.S. at 264.

The underlying patent issue in this case, while important to the parties and necessary for resolution of the claims, does not present a substantial issue of patent law. *See id.* at 263–64. There is no dispute over the validity of the claims—patent law is only relevant to determine if KLA intentionally made misrepresentations. Patent claims will not be invalidated or revived based on the result of this case. Because Federal Circuit law applies to substantive questions involving our exclusive jurisdiction, the fact that at least some *Walker Process* claims may be appealed to the regional circuits will not undermine our uniform body of patent law. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1368 (Fed. Cir. 2002) ("Federal Circuit law applies to causes of action within the exclusive jurisdiction of the Federal Circuit."); *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1371 (Fed. Cir. 1994) (Deference to regional circuit law "is inappropriate when an issue involves substantive questions coming exclusively within our jurisdiction, the disposition of which would have a direct bearing on the outcome." (internal citations and quotation marks omitted)). As in *Gunn*, even if the result of this case is preclusive in some circumstances, the result is limited to the parties and the patent involved in this matter. 568 U.S. at 263.

The parties argue that although the cause of action does not arise directly from Title 35, the *Walker Process* claim at issue is one in which patent law is a necessary element of the claim, citing *Nobelpharma* and *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 544 F.3d 1323 (Fed. Cir. 2008) ("*Cipro*"). In *Nobelpharma*, we held that we apply Federal Circuit law, not regional circuit law, to *Walker Process* claims. 141 F.3d at 1068. We reasoned:

> Whether conduct in the prosecution of a patent is sufficient to strip a patentee of its immunity from the antitrust laws is one of those issues that clearly involves our exclusive jurisdiction over patent cases. It follows that whether a patent infringement suit is based on a fraudulently procured patent impacts our exclusive jurisdiction.

*Id.* at 1067. This passage does not stand for the proposition that the Federal Circuit retains exclusive jurisdiction of *Walker Process* claims. We made these statements in the context of determining whether regional circuit or Federal Circuit law applies to *Walker Process* claims, not whether we have jurisdiction over any such claims. We further indicated that our "conclusion applies equally to all antitrust claims *premised on the bringing of a patent infringement suit.*" *Id.* at 1068 (emphasis added). Immediately following the remarks cited by the parties, we reasoned that because *Walker Process* claims are "*typically* raised as a counterclaim by a defendant in a patent infringement suit," and "[b]ecause *most* cases involving these issues will therefore be appealed to this court," we should decide such claims as a matter of Federal Circuit law. *Id.* at 1067–68 (emphases added). While we recognized in *Nobelpharma* that most *Walker Process* claims will be appealed to the Federal Circuit due to the natural connection of such claims to our exclusive jurisdiction over patent infringement claims, we did not hold that all *Walker Process* claims must be appealed to this court.

In *Cipro*, we explained in a footnote that the *Walker Process* claim at issue in that case was "subject to exclusive federal court jurisdiction under 28 U.S.C. § 1338(a) because the determination of fraud before the PTO necessarily involves a substantial question of patent law." 544 F.3d at 1330 n.8 (citing *Christianson*, 486 U.S. at 808). The *Cipro* appeal was originally transferred to the Federal Circuit from the Second Circuit. *Ark. Carpenters Health & Welfare Fund v. Bayer AG*, 604 F.3d 98, 103 n.10 (2d Cir. 2010). We were not performing a de novo analysis of jurisdiction in that case; we were merely accepting a transfer from another circuit court. *Christianson*, 486 U.S. at 819 ("Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end."). Jurisdiction was not disputed in *Cipro*, and the quotation in footnote 8 is the extent of the analysis regarding jurisdiction.

Both *Nobelpharma* and *Cipro* were decided before the Supreme Court decided *Gunn*. To the extent our prior precedent could be interpreted contrary to *Gunn*, the Supreme Court rendered that interpretation invalid. While the parties argue *Gunn* is inapplicable because it concerns district court jurisdiction over state claims, the indistinguishable statutory language of §§ 1295 and 1338 requires our careful consideration of *Gunn* in interpreting our jurisdictional statute. "[W]e have no more authority to read § 1295(a)(1) as granting the Federal Circuit jurisdiction over an appeal where the well-pleaded complaint does not depend on patent law, than to read § 1338(a) as granting a district court jurisdiction over such a complaint." *Christianson*, 486 U.S. at 814 (citing *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259 (1897)); *see also id.* at 808–09 (noting "linguistic consistency" with the statute for a district court's federal question jurisdiction demands a similar application for the Federal Circuit's "arising under" jurisdiction).

Decisions from our sister circuits confirm the correctness of our decision today.  The Third Circuit recently called into question whether we have exclusive jurisdiction over all *Walker Process* claims in light of *Gunn*.  *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 146 (3d Cir. 2017).  While recognizing that *Walker Process* claims have been "considered by courts to present a substantial question of patent law," the "substantiality of these theories may be open to debate following *Gunn v. Minton*."  *Id.* at 145–46 (citing *Nobelpharma* and *Cipro*).  In a case involving a legal malpractice action arising out of an unsuccessful application for a patent, the D.C. Circuit, citing *Gunn*, held that it had appellate jurisdiction because the case "involve[d] no forward-looking questions about any patent's validity, but instead solely concern[ed] whether unsuccessful patent applicants can recover against their attorneys."  *Seed Co. Ltd. v. Westerman*, 832 F.3d 325, 331 (D.C. Cir. 2016).  The Eleventh Circuit held that a contract claim with an underlying patent infringement issue did not implicate exclusive Federal Circuit jurisdiction due to the fact-bound nature of the question, the small likelihood that the issue would impact future cases, and the weak interest of the government in federal adjudication.  *MDS (Can.) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 843 (11th Cir. 2013).  And the Fifth Circuit held that it had appellate jurisdiction in a case involving a state law claim based on fraud on the PTO because the underlying fraud allegation "d[id] not cause the underlying hypothetical patent issues to be of substantial importance to the federal system as a whole" as required by *Gunn*.  *USPPS, Ltd. v. Avery Dennison Corp.*, 541 F. App'x 386, 390 (5th Cir. 2013).

Section 1295 defines the boundaries of our judicial influence.  "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  We decline the

parties' invitation to so broadly read our grant of jurisdiction under 28 U.S.C. § 1295.

Accordingly,

IT IS ORDERED THAT:

The case is transferred to the United States Court of Appeals for the Fifth Circuit.


FOR THE COURT

 February 9, 2018                    /s/ Peter R. Marksteiner
        Date                             Peter R. Marksteiner
                                         Clerk of Court