# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued October 13, 2022       Decided February 17, 2023

No. 22-7001

FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER
ANGEWANDTEN FORSCHUNG E.V.,
APPELLEE

v.

SIRIUS XM RADIO INC.,
APPELLEE

MY-CHAU NGUYEN,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-mc-00014)

———

*Mark A. Baghdassarian* argued the cause for appellant. With him on the briefs were *Alan R. Friedman* and *Shannon H. Hedvat*.

*David C. McPhie* argued the cause for appellee. With him on the brief was *Kelsey L. Schuetz*.

Before: SRINIVASAN, *Chief Judge,* HENDERSON, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*:    In February 2017, Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung E.V. ("Fraunhofer") initiated a patent infringements lawsuit against Sirius XM Radio Inc. ("Sirius XM") in the United States District Court for the District of Delaware. After filing suit, Fraunhofer subpoenaed Sirius XM's former Chief Marketing Officer, My-Chau Nguyen, for a deposition. When Nguyen failed to appear for her deposition, the parties filed motions in the District Court for the District of Columbia ("District Court"), to address the situation. The District Court denied Nguyen's motion to quash the subpoena, ordered her to sit for her deposition, found her in contempt for defying the subpoena, and expressed an intent to award sanctions. Nguyen sat for her deposition and then, before any judgment had been issued on sanctions, she appealed the District Court's orders against her. Before this court, Nguyen argues that the District Court abused its discretion in compelling her deposition, finding her in contempt, and expressing an intent to award sanctions.

We dismiss the appeal for want of jurisdiction. Nguyen's challenge to the District Court's order compelling her deposition is moot because her deposition testimony has been given. Nguyen's challenges to the District Court's contempt finding and intent to award sanctions raise matters relating to a discovery proceeding ancillary to a patent suit which are within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295(a)(1).

Nguyen requests that, rather than dismissing her appeal, we transfer the case to the Federal Circuit pursuant to 28 U.S.C. § 1631. That provision states that if a "court finds that there is

a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. However, we cannot transfer this case to the Federal Circuit because, under the law of that Circuit, Nguyen's appeal could not have been brought in the Federal Circuit at the time when it was noticed in this court. The District Court's contempt finding and intent to award sanctions are not final, appealable orders under Federal Circuit law because no final judgment has been issued on sanctions. We therefore lack the authority to transfer this appeal to the Federal Circuit under 28 U.S.C. § 1631.

In these circumstances, we are obliged to dismiss Nguyen's appeal for want of jurisdiction. The case will be remanded to the District Court for final disposition of any pending matters. If Nguyen is aggrieved after the District Court acts on the contempt finding and possible sanctions, she may appeal to the Federal Circuit.

## I.   BACKGROUND

As mentioned above, in February 2017, Fraunhofer filed a patent infringements lawsuit against Sirius XM in the United States District Court for the District of Delaware. *See Fraunhofer-Gesellschaft zur Förderung der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17-cv-00184 (D. Del. Feb. 22, 2017). Fraunhofer then subpoenaed Sirius XM's former Chief Marketing Officer My-Chau Nguyen for her testimony in a deposition scheduled for December 11, 2020. Joint Appendix ("JA") 625-27.

Nguyen, who resided in the Washington, DC area, did not appear for her deposition on December 11, 2020. This prompted the parties to file motions in the District Court for the

District of Columbia. On February 19, 2021, Nguyen filed a motion to quash the subpoena. On March 5, 2021, Fraunhofer responded with a cross-motion to compel Nguyen's deposition and a motion for sanctions.

On December 7, 2021, the District Court denied Nguyen's motion to quash, granted in part and held in abeyance in part Fraunhofer's cross-motion to compel, and ordered Nguyen to sit for a deposition. *Nguyen v. Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V.*, No. 21-0014, 2021 WL 5800741 (D.D.C. Dec. 7, 2021). Moreover, having found no adequate excuse for Nguyen to disobey the subpoena in the first instance, the District Court found Nguyen in contempt, *id.* at *4, and it expressed an intent to enter sanctions, *id.* However, the District Court decided to "defer ruling on sanctions until Fraunhofer submits documentation on fees and costs." *Id.* Accordingly, it ordered Fraunhofer to "submit to the Court documentation reflecting the fees and costs it incurred to move to compel Petitioner's compliance with the subpoena, up to and including the deposition itself," noting that "[f]ailure to submit this documentation may result in the denial of sanctions." *Id.* at *5.

Complying with the District Court's order, Nguyen sat for deposition on January 5, 2022. On January 6, 2022, she appealed the District Court's orders, challenging both the order compelling her deposition as well as the contempt citation and intent to enter sanctions.

After Nguyen noticed her appeal, Fraunhofer submitted documentation regarding its fees to the District Court. January 26, 2022, Nguyen filed a request with the District Court to respond to the reasonableness of Fraunhofer's fees and the adequacy of its documentation. However, the District Court

held in abeyance the fee dispute pending resolution of this appeal.

## II. ANALYSIS

### A. Standard of Review

In situations in which the court has jurisdiction to entertain an appeal, it will review for abuse of discretion District Court discovery orders granting or denying motions to compel, as well as findings of civil contempt. *See Laborers' Int'l Union of N. Am. v. U.S. Dep't of Just.*, 772 F.2d 919, 921 (D.C. Cir. 1984); *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Airlines, Inc.*, 849 F.2d 1481, 1486 (D.C. Cir. 1988). However, this court will not address the merits of any such matters if the case is moot, *Nichols v. Pierce*, 740 F.2d 1249, 1260 (D.C. Cir. 1984), or if the matters on appeal are within the exclusive jurisdiction of another court, *see Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 816 (1999) ("Ordinarily, of course, this or any other Article III court must be sure of its own jurisdiction before getting to the merits.").

### B. The Two Matters Raised in This Appeal

We bifurcate Nguyen's appeal into a challenge to the District Court's order compelling her deposition and a challenge to the District Court's contempt finding and intent to enter sanctions. We will address these matters in order.

We first hold that we have no jurisdiction to consider Nguyen's appeal of the order compelling her deposition because the matter is moot. We likewise hold that we have no jurisdiction to assess Nguyen's challenges to the District Court's contempt finding and intent to award sanctions because

these are matters within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit.

## C. Deposition Order

"Numerous courts have held that an appeal from enforcement of a subpoena becomes moot once the party has complied with the subpoena." *Office of Thrift Supervision Dep't of Treasury v. Dobbs*, 931 F.2d 956, 957 (D.C. Cir. 1991); *see also United States v. Arthur Andersen & Co.*, 623 F.2d 720, 722 (1st Cir. 1980) *cert. denied*, 449 U.S. 1021 (1980) (Because appellant "has produced all of the documents forming the subject matter of this appeal, the controversy presented to this court appears, on its face, to be moot."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992) ("Compliance with a discovery order renders moot an appeal of that order."); *Baldridge v. United States*, 406 F.2d 526, 527 (5th Cir. 1969) (Where appellant complied with the court order enforcing subpoena, "[t]here is nothing on this appeal for this Court to decide. The case is moot.").

By sitting for her deposition on January 5, 2022, Nguyen complied with the District Court's order compelling her deposition. Because she complied with that order, her appeal of that order is moot and we lack jurisdiction to consider it.

## D. Contempt Citation

As noted above, we have no authority to address Nguyen's challenges to the District Court's contempt finding and intent to award sanctions. These are matters for the Federal Circuit to address if a proper appeal reaches that court. And we have no authority to transfer these claims to the Federal Circuit because, under Federal Circuit law, the contempt finding and intent to

award sanctions are not final and appealable until the District Court enters a judgment on sanctions. We thus dismiss this part of Nguyen's appeal for want of jurisdiction. If the District Court enters judgment on sanctions, the contempt finding and sanctions order may be appealable to the Federal Circuit.

### 1. Exclusive Jurisdiction Lies with the Federal Circuit

The Federal Circuit is vested with exclusive jurisdiction "of an appeal from a final decision of a district court . . . in any civil action arising under . . . any Act of Congress relating to patents[.]" 28 U.S.C. § 1295(a)(1) (2012). Our sister circuits have held that this exclusive jurisdiction encompasses appeals of discovery orders ancillary to a patent suit. *See McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 332 (4th Cir. 2001) (holding that review of ancillary discovery proceeding to enforce subpoena in connection with underlying patent matter must proceed in the Federal Circuit); *Dorf & Stanton Commc'ns, Inc. v. Molson Breweries*, 56 F.3d 13, 14-15 (2d Cir. 1995) (noting Federal Circuit's exclusive jurisdiction "extends to appeals from appealable orders in ancillary discovery proceedings"); *Solarex Corp. v. Arco Solar, Inc.*, 870 F.2d 642, 643 (Fed. Cir. 1989) ("This court, rather than a regional circuit, has jurisdiction over" an ancillary discovery dispute "because the underlying litigation is a patent suit under 28 U.S.C. § 1338(a) (1982)."). As the Fourth Circuit recognized:

> Although it is true that the ancillary court's first-layer authority derives from Federal Rules of Civil Procedure 37(a)(1) and 45, which assign to it the responsibility of issuing and enforcing subpoenas in its district, Rules 37 and 45 do not confer subject matter jurisdiction upon the courts. Rather, an ancillary court's power to issue and enforce subpoenas is entirely

> dependent upon the jurisdiction of the court in which the underlying action is pending.

*McCook Metals*, 249 F.3d at 334.

Because federal courts are courts of limited jurisdiction, the discovery dispute in the District of Columbia District Court must have arisen under some statute conferring jurisdiction. Nguyen has not identified any such source of subject matter jurisdiction, other than by piggybacking on the jurisdiction of the underlying action in the District of Delaware. It is undisputed that the underlying litigation between Fraunhofer and Sirius XM in the District of Delaware arises under an Act of Congress relating to patents. That makes Nguyen's dispute in the District of Columbia District Court a discovery proceeding ancillary to a patent suit. We therefore join our sister circuits and hold that exclusive jurisdiction of Nguyen's appeal of the contempt citation and intent to award sanctions from that ancillary discovery proceeding lies with the Federal Circuit.

Contrary to Nguyen's suggestion, nothing in the amendment to 28 U.S.C. § 1295 changes this analysis. The current version of the statute vests the Federal Circuit with exclusive jurisdiction of an appeal from a final district court decision in "any civil action arising under . . . any Act of Congress relating to patents[.]" 28 U.S.C. § 1295(a)(1) (2012). The prior version vested the Federal Circuit with exclusive jurisdiction of an appeal from a final district court decision "if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title[.]" 28 U.S.C. § 1295(a)(1) (2006). Section 1338 in turn grants the federal district courts original jurisdiction of, *inter alia*, "any civil action arising under any Act of Congress relating to patents[.]" 28 U.S.C. § 1338(a). Because the underlying action in the District of Delaware arises

under an Act of Congress relating to patents, the prior version of Section 1295 is functionally equivalent to the current version of Section 1295 for purposes of this appeal. *See Hudson Furniture, Inc. v. Lighting Design Wholesalers Inc.*, No. 20-3299, 2021 WL 6105489, at \*1 n.1 (2d Cir. Dec. 21, 2021) ("[W]e see no reason that the revised language [of Section 1295] would alter the grounds for Federal Circuit jurisdiction over appeals from district courts.").

Thus, the appeal of the contempt finding and intent to award sanctions belongs to the Federal Circuit.

### 2. Transfer Is Inappropriate

Nguyen requests that, if we find that exclusive jurisdiction lies with the Federal Circuit, we transfer her appeal to the Federal Circuit. In pressing this request, Nguyen relies on 28 U.S.C. § 1631, which states that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."

Even if we assume that transfer would be in the interest of justice, we deny Nguyen's request to transfer because we find this appeal could not have been brought in the Federal Circuit at the time when it was noticed in this court.

We apply Federal Circuit law to determine whether Nguyen's appeal could have been brought at the time it was noticed. *See McCook Metals*, 249 F.3d at 335-36 (applying Federal Circuit law to transfer analysis). The purpose of Section 1631 is to functionally recreate a situation in which the litigation was brought in the proper court – here the Federal Circuit – at the outset. Had this appeal been brought in the

Federal Circuit at the outset, the Federal Circuit would have applied its own law to determine whether it could hear the appeal. *See Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330 (Fed. Cir. 2007) ("We apply our own law, rather than regional circuit law, to questions relating to our own appellate jurisdiction.").

Under established precedent, Nguyen could not have sought review in the Federal Circuit of the District Court's contempt finding and concomitant intent to award sanctions. The Federal Circuit has held that a contempt order is not appealable "where no sanction ha[s] yet been imposed for that contempt and proceedings with respect to that question remain[] ongoing at the time the appeal before us [i]s filed." *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 759 F.3d 1333, 1340 (Fed. Cir. 2014) (quoting *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1380-81 (Fed. Cir. 2013)); *see also LMK Enterprises, Inc. v. Perma-Liner Indus., Inc.*, 423 F. App'x 972, 973 (Fed. Cir. 2011) ("As a general rule, an adjudication of civil contempt, such as here, is not appealable until sanctions have been imposed."); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1369 (Fed. Cir. 1999) (citing *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1273 (9th Cir. 1976), for the proposition that a "contempt order [was] deemed [a] final order and appealable when the fines assessed were ordered to be paid").

Similarly, the Federal Circuit has held that a "district court's decision granting sanctions is a separate order which is not final and appealable until the district court has decided the amount of sanctions." *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358 (Fed. Cir. 2012); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 964-65 (Fed. Cir. 1997) (dismissing appeal of Rule 11 sanctions order where "district court has not yet determined the [sanction] amount").

Here, although the District Court found Nguyen in contempt, it had not yet entered a sanctions award when the appeal was filed because Fraunhofer had not submitted documentation of the fees it incurred. Indeed, the District Court expressly noted that "[f]ailure to submit this documentation may result in the denial of sanctions." *Nguyen*, 2021 WL 5800741, at *5. Because no sanctions award has been issued since the District Court's contempt finding, the contempt finding and intent to award sanctions are not final and appealable under Federal Circuit law. Therefore, we have no authority to transfer Nguyen's appeal to the Federal Circuit under 28 U.S.C. § 1631.

## III.   CONCLUSION

For the reasons set forth above, we dismiss this appeal for want of jurisdiction. The case will be remanded to the District Court for final disposition of any pending matters. If Nguyen is aggrieved after the District Court acts on the contempt finding and possible sanctions, she may seek to appeal to the Federal Circuit.

*So ordered.*