NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAKSHMI ARUNACHALAM,**

*Plaintiff-Appellant*

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, JPMORGAN CHASE & CO., SAP AMERICA, INC., EDWARD L. TULIN, KEVIN J. CULLIGAN, THARAN GREGORY LANIER, APPLE INC., FACEBOOK, INC., ALPHABET INC., MICROSOFT CORPORATION, FISERV, INC., WELLS FARGO BANK, N.A., FULTON FINANCIAL CORPORATION, SAMSUNG ELECTRONICS AMERICA, INC., ECLIPSE FOUNDATION, INC., CLAIRE T. CORMIER, DOUGLAS R. NEMEC, JOSEPH M. BEAUCHAMP, MICHAEL Q. LEE, DAVID ELLIS MOORE, MARK J. ABATE, MATTHEW JOHN PARKER, SASHA G. RAO, ROBERT SCOTT SAUNDERS, JESSICA R. KUNZ, CITIGROUP, INC., CITICORP, CITIBANK, N.A., RAMSEY M. AL-SALAM, CANDICE CLAIRE DECAIRE, GARTH WINN, MICHAEL J. SACKSTEDER, ALAN D. ALBRIGHT, KRISTIE DAVIS, ROBERT W. SCHROEDER, III, CAROLINE CRAVEN, RYAN T. HOLTE, LYFT, INC., UBER TECHNOLOGIES, INC., EXXON MOBIL CORPORATION, INTUIT, INC., JOHN ALLEN YATES, JOHN H. BARR, JR., ANDREW JAMES ISBESTER, DOMINICK GATTUSO, KRONOS INCORPORATED, SCOTT DAVID BOLDEN, LORI**

2                                    ARUNACHALAM v.
         INTERNATIONAL BUSINESS MACHINES CORPORATION

## A. GORDON,
*Defendants-Appellees*

_____

2022-2121

_____

Appeal from the United States District Court for the District of Delaware in No. 1:20-cv-01020-VAC, Judge Maryellen Noreika.

_____

Decided: May 10, 2024

_____

LAKSHMI ARUNACHALAM, Menlo Park, CA, pro se.

JOANNA J. CLINE, Troutman Pepper Hamilton Sanders LLP, Wilmington, DE, for defendants-appellees Ramsey M. Al-Salam, Fiserv, Inc.

MARK J. ABATE, Goodwin Procter LLP, New York, NY, for defendant-appellee International Business Machines Corporation. Also represented by CALVIN E. WINGFIELD, JR.

CLIFF C. GARDNER, Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE, for defendants-appellees JPMorgan Chase & Co., Edward L. Tulin, Douglas R. Nemec, Robert Scott Saunders, Jessica R. Kunz. Also represented by CHRISTOPHER JUSTIN COULSON, New York, NY.

THARAN GREGORY LANIER, Jones Day, Palo Alto, CA, for defendants-appellees SAP America, Inc., Tharan Gregory Lanier, Joseph M. Beauchamp. Also represented by JOSEPH BEAUCHAMP, Houston, TX.

JOHN HINTZ, Maynard Nexsen PC, New York, NY, for

ARUNACHALAM v.                                    3
INTERNATIONAL BUSINESS MACHINES CORPORATION

defendants-appellees Kevin J. Culligan, Mark J. Abate, Matthew John Parker, Sasha G. Rao.

ANNE MARIE CAPPELLA, Weil, Gotshal & Manges LLP, Redwood Shores, CA, for defendant-appellee Apple Inc.

ERIC SHUMSKY, Orrick, Herrington & Sutcliffe LLP, Washington, DC, for defendant-appellee Facebook, Inc.

RYAN RONALD SMITH, Wilson, Sonsini, Goodrich & Rosati, PC, Palo Alto, CA, for defendant-appellee Alphabet Inc.

KRISTIN L. CLEVELAND, Klarquist Sparkman, LLP, Portland, OR, for defendants-appellees Microsoft Corporation, Garth Winn.

DUSTIN JAMES EDWARDS, Winston & Strawn LLP, Houston, TX, for defendant-appellee Wells Fargo Bank, N.A.

DAVID SPENCER BLOCH, Greenberg Traurig LLP, San Francisco, CA, for defendant-appellee Fulton Financial Corporation.    Also represented by BENJAMIN SCHLADWEILER, Wilmington, DE.

PHILIP A. IRWIN, Covington & Burling LLP, New York, NY, for defendant-appellee Samsung Electronics America, Inc.

BALDASSARE VINTI, Proskauer Rose LLP, New York, NY, for defendant-appellee Eclipse Foundation, Inc.

CASEN ROSS, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, for defendants-appellees Claire T. Cormier, Alan D. Albright, Kristie Davis, Robert W. Schroeder, III, Caroline Craven, Ryan T. Holte, Scott David Bolden.    Also represented by BRIAN BOYNTON; DYLAN J. STEINBERG, United States Attorney's

Office, Wilmington, DE.

ADAM LAROCK, Sterne Kessler Goldstein & Fox PLLC, Washington, DC, for defendants-appellees Michael Q. Lee, Lori A. Gordon.  Also represented by KRISTINA CAGGIANO KELLY.

PHILIP A. ROVNER, Potter Anderson & Corroon, LLP, Wilmington, DE, for defendants-appellees David Ellis Moore, Candice Claire Decaire, Uber Technologies, Inc., Andrew James Isbester.  Uber Technologies, Inc. also represented by JONATHAN A. CHOA, Newark, DE.

ERIC SOPHIR, Foley & Lardner LLP, Washington, DC, for defendants-appellees Citigroup, Inc., Citicorp, Citibank, N.A.  Also represented by KIMBERLY KRISTIN DODD, Milwaukee, WI.

BRYAN ALEXANDER KOHM, Fenwick & West LLP, San Francisco, CA, for defendant-appellee Michael J. Sacksteder.

JEREMY TAYLOR, Baker Botts LLP, San Francisco, CA, for defendant-appellee Lyft, Inc.  Also represented by LORI DING, Houston, TX.

MATTHEW DONELSON, Elzufon Austin Tarlov & Mondell, PA, Wilmington, DE, for defendants-appellees Exxon Mobil Corporation, John Allen Yates, John H. Barr, Jr.

MICHAEL JOHN SACKSTEDER, Fenwick & West LLP, San Francisco, CA, for defendant-appellee Intuit, Inc.  Also represented by JEFFREY A. WARE, Seattle, WA.

KURT M. HEYMAN, Heyman Enerio Gattuso & Hirzel LLP, Wilmington, DE, for defendant-appellee Dominick Gattuso.

WILLIAM C. SATURLEY, Preti Flaherty Beliveau & Pachios LLP, Concord, NH, for defendant-appellee Kronos Incorporated.   Also represented by DOMINICK GATTUSO, Heyman Enerio Gattuso & Hirzel LLP, Wilmington, DE.

———————————

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Dr. Lakshmi Arunachalam, proceeding pro se, appeals from an anti-filing injunction order entered by the United States District Court for the District of Delaware.  The district court also dismissed Dr. Arunachalam's underlying action.  Dr. Arunachalam attempted to appeal both the dismissal of the underlying case and the anti-filing injunction.  The appeal was untimely with respect to the underlying action, and we dismissed that appeal in a previous order. *Arunachalam v. Int'l Bus. Machs. Corp.*, No. 22-2121, ECF No. 145, at 3 (Fed. Cir. June 5, 2023).  As to the appeal of the injunction order, we conclude that we have jurisdiction and that there was no abuse of discretion by the district court.  Therefore, we *affirm* the injunction order.

## BACKGROUND

Dr. Arunachalam has filed numerous lawsuits in the federal district courts, many of which relate to patents she previously held or now holds.  She has also sued lawyers, judges, court staff, and parties that were involved in those cases under a wide variety of legal theories.  The underlying litigation here is another such case.  While Dr. Arunachalam seeks patent infringement damages in the complaint, she also accused 46 named defendants and 100 unnamed defendants—including corporations, judges, lawyers, and government officials that were involved in Dr. Arunachalam's past cases—of violating the common law, the United States Constitution, and several statutory provisions, including the patent statutes.

The complaint is difficult to follow. As best we can discern, Dr. Arunachalam asserted that she is "the inventor of the Internet of Things (IoT) – Web Apps displayed on a Web browser" and "was awarded a dozen patents by the U.S. Government with a priority date of 11/13/1995." *Arunachalam v. Gordon*, No. 20-cv-1020, Dkt. No. 170, at 26 (D. Del. June 23, 2022) ("*Complaint*"). She sought compensatory damages against all of the defendants "based on per Web transaction per Web App used by Defendants, their customers and Partners, but not less than $100B," *id.* at 99, and requested an order for defendants "to pay the royalties rightfully owed to the inventor," *id.* at 41.

The complaint further alleged that "[t]he Judiciary and USPTO aided and abetted in the unjust enrichment of [the] Corporate Infringers [on] the order of trillions of dollars," and that judges and the USPTO misapplied patent law. *Id.* at 37. The 14 claims of the complaint alleged violations of the First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments, violations of the Administrative Procedure Act, the Religious Freedom Restoration Act, a witness tampering statute, the Americans with Disabilities Act, a conspiracy statute, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1955, the Age Discrimination Act of 1975, the Rehabilitation Act of 1973, and the Civil Rights Act of 1866, as well as the patent statutes. Dr. Arunachalam also raised theories of recovery based in tort law. Many of these claims depended on Dr. Arunachalam's repeated assertion that the defendants had made false statements in connection with her earlier patent cases.

The district court dismissed all of the claims and entered judgment on December 29, 2021. At the same time, the district court ordered Dr. Arunachalam to show cause why she should not be subject to an anti-filing injunction. Dr. Arunachalam filed a brief in opposition. *Arunachalam*, No. 20-cv-1020, Dkt. No. 263. The district court then entered an anti-filing injunction order:

ARUNACHALAM v.
INTERNATIONAL BUSINESS MACHINES CORPORATION

7

> [Dr. Arunachalam] is hereby enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus, related to: (i) the patents she holds; (ii) the more than 100 patent lawsuits she has filed, (iii) patent infringement, and/or (iv) any and all actions taken by individuals during the course of patent litigation involving Plaintiff.

Appx. 38.[1]

On July 6, 2022, Dr. Arunachalam attempted to appeal to this court both the dismissal of her complaint and the entry of the anti-filing injunction. Because Dr. Arunachalam's appeal of the final judgment order dismissing her claims was untimely, we concluded that we lacked jurisdiction to hear those issues and dismissed that part of the appeal. *Arunachalam*, No. 22-2121, ECF No. 145, at 3, 5 (citing the 60-day time limit of 28 U.S.C. § 2107(b) and Fed. R. App. P. 4(a)(1)(B)). We declined to resolve at that time whether this court had jurisdiction over the part of the appeal concerning the anti-filing injunction "based on the subject matter of the underlying complaint," and we invited briefing from Dr. Arunachalam "to argue in favor of our jurisdiction and challeng[e] the anti-filing order." *Id.* at 4.

In her principal brief, Dr. Arunachalam represented that the "U.S. District Court for the District of Delaware ('DED') alleges to have subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a). This Court ('CAFC') has appellate jurisdiction under 28 U.S.C. § 1295 over the District Court's Order(s)." Appellant's Corrected Opening Br. at 1,

---

[1] "Appx." citations refer to the hand-numbered appendix pages filed with Appellant's principal brief. Appellant's Corrected Opening Br., *Arunachalam*, No. 2022-2121, ECF No. 148.

*Arunachalam*, No. 22-2121, ECF No. 148.  On the merits, she argued that "a [f]iling [i]njunction is contrary to [p]atent [s]tatutes that allow [p]atentee to sue infringers," *id.* at 8, and that "[f]iling patent lawsuits is allowed by [p]atent [s]tatutes and does not make her a 'vexatious litigant' requiring [a] filing injunction," *id.* at 11 (emphasis removed).

The appellees urged dismissal or transfer of the appeal or, in the alternative, affirmance of the injunction order.

### DISCUSSION

### A

We first consider the question of jurisdiction.  We conclude that our court has jurisdiction over this appeal under 28 U.S.C. § 1295(a)(1).

Under 28 U.S.C. § 1295(a)(1), we have jurisdiction over "an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents . . . ."  Thus, our jurisdiction extends at least to cases in which "federal patent law creates the cause of action" for one claim.  *Xitronix Corp. v. KLA-Tencor Corp.*, 882 F.3d 1075, 1076 (Fed. Cir. 2018) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)).

We think that the jurisdictional test set forth in *Xitronix* is met here, at least because Claim 9 invokes the "Patent Statutes" and sets forth a theory of recovery for patent infringement, namely that the defendants "aided and abetted Big-Tech, and Microsoft in stealing Plaintiff's property, worth trillions of dollars in unjust enrichment by Big-Tech." *Complaint*, at 81, 88.  The damages sought are also those that would be recoverable in an action for patent infringement, specifically damages "based on per Web transaction per Web App used by Defendants, their customers and Partners, but not less than $100B," *id.* at 99, which the plaintiff alleged represents "the royalties rightfully owed to

the inventor," *id.* at 41. This is sufficient to bring the appeal under our jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). *See Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung E.V. v. Sirius XM Radio Inc.*, 59 F.4th 1319, 1323–24 (D.C. Cir. 2023) (holding that the Federal Circuit has jurisdiction over ancillary orders in cases arising under the federal patent laws).

B

Having determined that we have jurisdiction over the anti-filing injunction order on appeal, we turn to the merits. The federal courts have the inherent power to issue injunctions against the abuse of the judicial process, including by the repeated filing of meritless and vexatious pleadings. *Allen v. United States*, 88 F.4th 983, 986–87 (Fed. Cir. 2023); *see also Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (finding that the All Writs Act, 28 U.S.C. § 1651, provides the power). The party to be enjoined must be given notice of the injunction and an opportunity to be heard before the injunction is entered. *Allen*, 88 F.4th at 988; *Brow*, 994 F.2d at 1038. Both our court and the Third Circuit review the imposition of an anti-filing injunction for abuse of discretion. *Allen*, 88 F.4th at 986–87; *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). We see no abuse of discretion in the district court's order.

At the outset, we note that the district court gave Dr. Arunachalam notice of the proposed injunction and the grounds on which it was based, and Dr. Arunachalam was heard on the issue fully in a 37 page opposition brief. Accordingly, the district court met the notice and opportunity to be heard requirements.

As the district court stated in both its notice and in its injunction order, the District of Delaware had previously sanctioned Dr. Arunachalam for her litigation conduct and awarded almost $150,000 in attorneys' fees against her. *Arunachalam v. Int'l Bus. Machs. Corp.*, 989 F.3d 988, 997

(Fed. Cir. 2021).  Our court affirmed that sanction, finding there that the "record amply demonstrate[d] Dr. Arunachalam's vexatious and wanton litigation conduct," including her repeated assertion of dismissed claims against the same defendants in another district court.  *Id.*

During the pendency of that appeal, our court further determined that "Dr. Arunachalam has an established pattern of vexatious behavior in this and other courts" and that "her vexatious and harassing behavior" had continued during that case.  *Arunachalam v. Int'l Bus. Machs. Corp.*, No. 20-1493, ECF No. 55, at 2 (Fed. Cir. Nov. 30, 2020).  As a result, our court imposed filing restrictions requiring Dr. Arunachalam to seek leave of court to file any documents other than merits briefs, motions for extensions of time, and motions for leave to proceed *in forma pauperis* in her direct appeals.  *Id.* at 4.  The Supreme Court has also found that Dr. Arunachalam "repeatedly abused [the Supreme Court's] process," and directed the clerk "not to accept any further petition in noncriminal matters from petitioner" unless the docketing fees were paid and the filing complied with the Supreme Court's formatting rule. *Arunachalam v. Wells Fargo Bank, N.A.*, 141 S. Ct. 449, 449–50 (2020).

The district court found below that "[n]otwithstanding the sanctions, [Dr. Arunachalam] continued to sue previous defendant corporations, attorneys who represented those corporations, judges who presided over the cases, judges' staff, and attorneys who represented the federal government.  [Dr. Arunachalam's] filings and pleadings raised specious, implausible, frivolous and vexatious claims."  Appx. 35–36.  The district court also determined that Dr. Arunachalam's complaint was "replete with scandalous and baseless allegations without factual support." *Id.* at 38.

We see no error in that assessment, which accurately described Dr. Arunachalam's conduct in this case as well

as other previously-filed cases. *See, e.g.*, *Arunachalam v. Harris*, No. 21-5102, 2021 WL 5262582 (D.C. Cir. Oct. 27, 2021); *Arunachalam v. United States*, No. 2021-1410, 2021 WL 2470305 (Fed. Cir. June 4, 2021); *Arunachalam v. Andrews*, No. 5:17-CV-03383-EJD, 2018 WL 513178 (N.D. Cal. Jan. 23, 2018); *Arunachalam v. United States*, No. 5:16-CV-06591-EJD, 2017 WL 3730340 (N.D. Cal. Aug. 30, 2017). We also agree with the district court that this extraordinary history of abuse of the judicial process constitutes the exigent circumstances that justify the entry of an anti-filing injunction.

Dr. Arunachalam argues that the district court made an error regarding the number of patent lawsuits that she has filed. That finding, which was based on Dr. Arunachalam's own pleading that she has been involved "in over 100 cases," does not constitute an abuse of discretion. Appx. 38 (quoting *Complaint*, at 33). Regardless of the precise number of lawsuits that she has filed, Dr. Arunachalam concedes on appeal that she has filed numerous lawsuits, sometimes against the same defendants, and characterizes herself as having been involved in "125, rather 62 lawsuits." Appellant's Corrected Opening Br. at 11, *Arunachalam*, No. 22-2121 (emphasis removed). On this record, we cannot say that the district court abused its discretion by referring to "more than 100 patent lawsuits" in its order. Appx. 38. Moreover, even if Dr. Arunachalam's lower figures were accurate, we do not think that this would transform the entry of the injunction into an abuse of discretion. The injunction was properly based on Dr. Arunachalam's repeated filing of "lawsuits that contain frivolous legal arguments and are vexatious and abusive of the judicial process" <u>after</u> the resolution of her initial wave of patent suits.

Appx. 38. This finding is not affected by the number of patent lawsuits Dr. Arunachalam originally filed.[2]

Finally, we see no abuse of discretion in the scope of the district court's order, which is narrowly tailored to prevent Dr. Arunachalam from filing similarly meritless and vexatious cases without the approval of the district court. The order here specifically targets Dr. Arunachalam's repeated filings of lawsuits asserting patent infringement claims that she has already lost and raising frivolous accusations against individuals involved in those earlier cases. Moreover, the order provides a process for Dr. Arunachalam to seek leave of court to file documents that would otherwise be enjoined. Thus, we cannot say that the order is overbroad or an abuse of discretion.

**AFFIRMED**

---

[2]    Dr. Arunachalam also argues that Judge Andrews should be recused because Judge Andrews purportedly owned "direct common stock in [defendant] JPMorgan." Appellant's Corrected Opening Br. at 11, *Arunachalam*, No. 22-2121 (emphasis omitted). But Judge Andrews was never assigned to this case.